**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
JOHN HAUBRICH, JR., SB# 228341
  E-Mail: John.Haubrich@lewisbrisbois.com
CHRISTINA M. GUERIN, SB# 210066
  E-Mail: Christina.Guerin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants DATA SOFTWARE SERVICES L.L.C., WILLIAM WITTENMYER (sued and served as Bill Wittenmyer), and DAVID PENNEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT SHOWALTER,<br><br>    Plaintiff,<br><br>vs.<br><br>DATA SOFTWARE SERVICES L.L.C., a Georgia limited liability company, BILL WITTENMYER, an individual, DAVID PENNEY, an individual, and Does 1 through 20, inclusive,<br><br>    Defendants. | No. 2:17-cv-00031-MCE-DB<br><br>**STIPULATED PROTECTIVE ORDER** |

## **STIPULATION**

Plaintiff Brent Showalter ("Plaintiff") and Defendants Data Software Services L.L.C., William Wittenmyer, and David Penney (collectively, "Defendants"), by and through their respective counsel of record hereby STIPULATE AND AGREE, and accordingly request, that the Court entered the following Order:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purposes other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosure or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This action may involve commercial, financial, technical or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise not generally available to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for an in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. CONFIDENTIAL INFORMATION.**

    3.1    "Proceeding" means the above-entitled proceedings.

    3.2    "Court" means the Hon. Morrison C. England, Jr., or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    3.3    As used here, the designation "CONFIDENTIAL" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    3.4    "Designating Party" means the Party that designates materials as "Confidential."

    3.5    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

    3.6    As used here, the terms "document" or "documents" mean and include, but are not limited to, documents, e-mails, records, exhibits, reports, samples, transcripts, video or audio recordings, computer files, disks, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or document requests, deposition questions and answers, and motions, including copies or

computer-stored versions of any of the foregoing, as well as anything meeting the definition of a "writing" as used in California Evidence Code section 250 or Fed. R. Evid. 1001.

  3.7 "Information" means the content of Documents or Testimony.

  3.8 "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

  3.9 Any party or third party may designate documents or Information as CONFIDENTIAL, as defined above, prior to or at the time of disclosure. Such designation shall be made by placing the appropriate designation on every page of each document so designated, or contemporaneously identifying the documents or information in question as "CONFIDENTIAL" pursuant to this protective order. In the case of information disclosed in or by a non-paper medium (e.g., videotape, audiotape, computer disk, or other tangible thing), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply both to the document or other material itself and to the CONFIDENTIAL information contained in it or on it.

  3.10 The parties and/or their attorneys shall act in good faith, and shall use reasonable care and diligence, to avoid designating any documents or Information as CONFIDENTIAL that are not entitled to such designation.

  3.11 All CONFIDENTIAL information shall be used only for the purposes of this litigation, and shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity except as provided in this agreement.

  3.12 The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without

prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

   3.13 Access to and/or disclosure of CONFIDENTIAL information shall be limited to the following persons:

    a. Counsel of record for the parties, their employees, their staff, and their support personnel (including any outside vendor for simple reproduction, computer scanning, or photocopying).

b.  The parties to this case, and their officers, directors, counsel and employees whom counsel of record believes in good faith have a need for access to such information for the preparation and trial of this action.

c.  Consultants and experts retained or consulted by counsel for the parties.

d.  Witnesses in connection with their deposition or other proceeding in this action, upon the witness being advised of the need and agreeing to keep the records confidential.

e.  Providers of litigation support services engaged to provide services in this litigation to attorneys of record in this action.

f.  The Court, its authorized personnel, and the jury.

g.  Any other person to whom the parties agree in writing.

h.  No CONFIDENTIAL information received by any party or counsel in this lawsuit may be revealed or disclosed to any person or entity not described above.

i.  Regardless of this protective order, if a CONFIDENTIAL document or Testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness in this action, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or Testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure.

**4.  PARTY'S OWN INFORMATION.**

4.1  Nothing in this agreement shall affect the right of either party to disclose to his/its officers, directors, employees, consultants or experts, or to any other person, CONFIDENTIAL information already in his/its possession prior to any production or disclosure by another party.

**5.  MISCELLANEOUS.**

5.1     Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any CONFIDENTIAL information shall be destroyed or returned to the party or third party producing such documents or writings, as requested by in writing by the disclosing party.  Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre trial, trial, and post trial materials, depositions and deposition exhibits, and document databases.  Such file copies must be maintained under the conditions provided for in this stipulation.  This provision does not apply to the Court or its authorized personnel.

5.2     The provisions of this agreement apply to all proceedings in this action, including all appeals, arbitrations, settlement proceedings, and proceedings upon remand.

5.3     By entering into this agreement, no party waives any objections he/it might have to the production of any documents covered by this agreement. Nothing in this agreement shall be interpreted to obligate any party to produce any document.

5.4     No party to this action, by entering into this agreement, shall be deemed to have admitted or agreed that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information.

5.5     A party may challenge a CONFIDENTIAL designation by any other party or third party by giving reasonable notice to the designating party before using the document in a way that is inconsistent with the CONFIDENTIAL designation.  The Designating Party may file an appropriate motion with the court, after first making reasonable efforts to meet and confer regarding the issue.  In the event the parties do not informally resolve the issue, the challenging party shall not

use the document in any way that is inconsistent with the CONFIDENTIAL designation, pending the court's ruling on the motion.

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

The undersigned filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 8, 2017     BRYANT WHITTEN, LLP


By: ___/s/___
    Amanda B. Whitten
    Attorneys for Plaintiff BRENT
    SHOWALTER

DATED: August 8, 2017     LEWIS BRISBOIS BISGAARD & SMITH LLP


By: ___/s/___
    John L. Barber
    John Haubrich, Jr.
    Christina M. Guerin
    Attorneys for Defendants DATA
    SOFTWARE SERVICES L.L.C.,
    WILLIAM WITTENMYER (sued and
    served as Bill Wittenmyer), and DAVID
    PENNEY

# ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the

4838-0142-1644.1

9

STIPULATED PROTECTIVE ORDER

procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: August 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\showalter0031.stip.prot.ord